Joseph Milchen
Attorney at Law
136 Redwood Street
San Diego, CA 92103
(619) 291-3399
California State Bar No. 38098

Attorneys for Defendant
Ezequiel Vargas-Cruz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Honorable M. James Lorenz)

| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-888 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NOTICE OF MOTION AND |
| | ) | MOTION FOR DISCOVERY |
| EZEQUIEL VARGAS-CRUZ, | ) | |
| Defendant. | ) | Date: April 28, 2008 |
| | ) | Time: 2:00 p.m. |

To: Karen P. Hewitt, United States Attorney, and Stephen F. Miller, Assistant U.S. Attorney, Southern District of California, San Diego, CA

Please take notice that on April 28, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Ezequiel Vargas-Cruz by and through his counsel, Joseph Milchen, will move a this court for a discovery order.

08-CR-888-L

<u>Motion for Discovery</u>

Defendant Ezequiel Vargas-Cruz by and through his counsel, Joseph Milchen, and pursuant to the provisions of Rules 12 and 16 of the Federal Rules of Criminal Procedure and the Fifth Amendment to the United States Constitution, hereby moves this court to compel discovery.

This motion is based upon the instant Notice of Motion, the attached Statement of Facts and Memorandum of Points and Authorities, the files and records in the above entitled case, and any and all other matters that may come to this court=s attention prior to or at the time of the hearing on the motion.

Dated:  April 9, 2008          Respectfully Submitted,

<u>s/Joseph Milchen</u>
Joseph Milchen
Attorney for Defendant
Ezequiel Vargas-Cruz

Joseph Milchen
Attorney at Law
136 Redwood Street
San Diego, CA 92103
(619) 291-3399
California State Bar No. 38098

Attorneys for Defendant
Ezequiel Vargas-Cruz

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(Honorable M. James Lorenz)

| UNITED STATES OF AMERICA, | ) | Case No. 08-CR-888 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY |
| EZEQUIEL VARGAS-CRUZ, | ) | |
| Defendant. | ) | |

**I**

**STATEMENT OF FACTS**

On March 26, 2008, a federal grand jury for the Southern District of California returned an Indictment alleging Ezequiel Vargas-Cruz violated Section 1326 of Title 18 United States Code, deported alien found in the United States.

08-CR-888-L

II

DISCOVERY

The defendant requests the government comply with Rule 16 of the Federal Rules of Criminal Procedure, in its entirety, and the dictates of Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose evidence favorable to the defendant. Defendant=s also requests the specific discovery listed below. This court must grant defendant=s specific discovery requests if the evidence requested affects the ultimate determination of guilt or punishment. United States v. Agurs, 427 U.S. 97, 104 (1976). Because defendant=s request for information is specific, it gives the government notice of exactly what the defendant desires. Id. at 106.

The request for the following specific discovery in no way limits the government=s obligation to produce all the documents in its possession discoverable under Rule 16 and Brady v. Maryland:

Statements. All written and oral statements made by defendant. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents and tapes in which statements of defendant are contained. Defendant further requests the substance of any other oral statements, whether made before or after arrest that the government intends to use at trial. These are discoverable under Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure (amended December 1, 1991) and Brady v. Maryland.

<u>Prior record/other act evidence</u>. All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts.  Evidence of prior record is available under Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure.  Evidence of prior similar acts is discoverable under Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure and Rule 404(b), Federal Rules of Evidence (as amended December 1, 1991) and Rule 609.  Rule 404(b) now requires reasonable advance notice of prior act evidence.  This request also includes defendant=s rap sheet and/or NCIC computer check on defendant.

<u>Seized evidence</u>.  All evidence seized as a result of any search, either warrantless or with a warrant, in this case.  This is available under Rule 16(a)(1)(C), Federal Rules of Criminal Procedure;

<u>Agent=s reports, notes, memos</u>.  All arrest reports, investigator=s notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to defendant.  These reports are available under Rules 16(a)(1)(B) and (C); and Rules 26.2 and 12(i), Federal Rules of Criminal Procedure;

<u>Other documents/tangible objects</u>. All other documents and tangible objects, including photographs, books, papers, documents, or copies or portions thereof which are material to defendant=s defense or intended for use in the government=s case-in-chief or were obtained from or belong to defendant.  Specifically, defendant requests all documents, items and other information seized pursuant to any search.  This is available under <u>Brady</u> and Rule 16(a)(1)(C);

<u>Bias of government witness</u>.  Any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his/her testimony.  See <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

<u>Prior record/other acts of government witnesses</u>.  Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction <u>See</u> F.R.E. Rule 608(b) and <u>Brady</u>;

<u>Investigation of witnesses</u>. Any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal or official misconduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2nd Cir.), <u>cert. Denied</u>, 474 U.S. 945 (1985);

<u>Evidence regarding ability to testify</u>.  Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness=s ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 199); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980); <u>United States v. Butler</u>, 567 F.2d 885 (9th Cir. 1978);

<u>Personnel files</u>.  It is requested that the government produce each government agent=s personnel file for review for information requested in paragraphs (7) B (10) above and to determine whether there is any impeaching information contained in the files, <u>see United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991);

Government witnesses.  The name and last known address of each prospective government witness.  See United States v. Neap, 834 F.2d 1311 (7th Cir 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses);

Other witnesses.  The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.  United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984);

Favorable testimony.  The name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity or participation in the crime charged.  Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jag, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);

Specific inquiries of agents.  Defendant also requests that the government make specific inquiry of each government agent connected to the case for the above. United States v. Jackson, 780 F.2d 1305 (6th Cir. 1986); United States v. Butler, 567 F.2d 885, 889 (9th Cir. 1978);

Statement by government of refusal to provide. If the government has any of the above-requested items but refuses to provide it to the defense, defendant requests that the government states what it is;

<u>Rule 26.2 Material/Timing of production</u>.  Defendant requests that the government provide him with all material available pursuant to Rule 26.2, sufficiently in advance of trial or motions hearings so as to avoid unnecessary delay prior to cross examination;

<u>Experts/resumes</u>. The curriculum vitae of any and all experts the government intends to call at trial, including any and all books, treatises or other papers written by the expert which is relevant to the testimony;

<u>Confidential informant(s) and related information</u>. It is requested that the government confirm the identity and number of informants involved in this investigation or related to or in any way connected with this case.  Also under the authority of <u>Rovario v. United States</u>, 353 U.S. 53, 61 1967; (interest in anonymity of informant must yield when disclosure is essential to fair determination of a cause); <u>United States v. Berumen</u>, 542 F.2d 773, 775 (9th Cir. 1976) (percipient witness); <u>Brady v. Maryland</u>, 373 U.S. 383 (1963) and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), defendant requests production of the following specific information: The nature and substance of any deals with any informants or cooperating witnesses which the informants or cooperating witnesses have been led to believe will accrue to them as a result of their cooperation with the government; Information about the informant=s or cooperating witnesses= criminal records and other bad acts; Information about the informant=s or cooperating witnesses= relationship with defendant;   Copies of the discovery in any pending criminal case of the informant or cooperating witness about defendant;  Statements which the

informant or cooperating witness attributes to defendant; and All other statements of the informant or cooperating witness made during their arrest, after their arrest and during their cooperation.

If any other informants or cooperating defendants are involved in this case, their identities, criminal records and any promises, rewards, and benefits are also requested pursuant to the above authority.

### III

### CONCLUSION

Based on the foregoing, it is respectfully requested the court grant this motion for discovery.

Dated:  April 9, 2008           Respectfully Submitted,


        s/Joseph Milchen_____
        Joseph Milchen
        Attorney for Defendant
        Ezequiel Vargas-Cruz